NOT FOR PUBLICATION (Doc. No. 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KENMORE B. EMERSON, | : |
| Plaintiff, | : Civil No. 11-2662 (RBK/AMD) |
| v. | : **OPINION** |
| BRIDGEPORT SUPERIOR COURT, DISTRICT OF FAIRFIELD | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

    This matter is before the Court on the motion of pro se Plaintiff Kenmore B. Emerson seeking to compel a state court to act on his pending motion to "open judgment," and an application to proceed in forma pauperis ("IFP"). (Doc. No. 1). This matter is before the Court pursuant to 28 U.S.C. § 1915(e)(2), which provides that if a litigant seeks to proceed IFP, the Court must review the complaint to determine if the claims are frivolous, malicious, fail to state a claim, or seek monetary relief against a defendant who is immune from such relief. Because the Court concludes from the information provided in Plaintiff's IFP affidavit that Plaintiff has limited financial resources, Plaintiff's application to proceed IFP is **GRANTED**. However, because Plaintiff's Complaint fails to meet the pleading standards of Rule 8, Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**I.    BACKGROUND**

    Plaintiff, a non-prisoner, submitted the Complaint in May 2011. In the Complaint, Plaintiff demands the "enforcement of [a] judgement" from the Bridgeport Superior Court in Fairfield,

Connecticut. (Pl.'s Compl. at 1). Plaintiff names the Bridgeport Superior Court as the only Defendant, stating that he filed a motion to "open judgment" in that court in September 2010. (Pl.'s Compl. at 1, 3). Plaintiff alleges further that the Bridgeport Superior Court has not acted on his motion "in over seven months." (Pl.'s Compl. at 3).

The remainder of Plaintiff's factual and legal allegations are muddled and largely nonsensical. Under the heading of "jurisdiction," Plaintiff states that jurisdiction, "depend's [sic] on Camden police dept [sic] Fbi [sic]." (Pl.'s Compl. at 3). Under the heading of "cause of action," Plaintiff states that he "filed a motion to open," and demands that "the court . . . enforce the judgment." (Pl.'s Compl. at 3-4). Plaintiff further alleges that he is owed "all lawful cost's [sic] and interest from Leon C. Hirsch who is president of [the] United States Surgical Corp." in the amount of $32,000. (Pl.'s Compl. at 4). Plaintiff demands $999,000 "from defendant," stating that "defendant did not enforce the judgment," and demands a jury trial. (Pl.'s Compl. at 5-6). Plaintiff attaches a document labeled "civil short calendar" for the Bridgeport Superior Court that references the civil case <u>Hirsch v. Emerson, pro se</u>, and Plaintiff's alleged motion. (Pl.'s Compl. at 12).

## II. LEGAL STANDARD

The Third Circuit has established a two-step process for deciding applications to proceed IFP under § 1915. See <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the court must determine whether [the] plaintiff is eligible for pauper status under § 1915(a). Second, the court must 'screen' the complaint under § 1915(e)(2) to ascertain whether it is frivolous, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief." <u>Levine v. Florida</u>, No. 05-5102, 2005 U.S. Dist. LEXIS 28148, at *1-2 (D.N.J. Nov. 16, 2005) (quoting <u>Roman</u>, 904 F.2d 194 n.1). A complaint is not deemed filed

"unless and until" IFP status is granted; only then may a District Court determine if the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Oatess v. Sobolevitch, 914 F.2d 428, 429 n. 1 (3d Cir.1990).

## III.  DISCUSSION

### A. Plaintiff's Eligibility to Proceed In Forma Pauperis

When reviewing an application to proceed IFP, "the Court begins by reviewing the plaintiff's affidavit requesting pauper status."  Levine, 2005 U.S. Dist. LEXIS 28148, at *2-3 (citations omitted).  If it appears to the court that a "plaintiff lacks sufficient resources, the court may grant plaintiff's request."  Id.  Here, Plaintiff's affidavit states that he receives a total of $685 per month in New Jersey Medicaid and Supplemental Security Income ("SSI") payments. (Emerson Aff. at 2,4).  He lists no other assets or sources of income.  (Id.).  The affidavit further lists expenses for rent, utilities, and food totaling $1,150 per month.  (Emerson Aff. at 4). Although Plaintiff's affidavit is partially deficient[1], it appears that Plaintiff has limited financial resources, and therefore it is appropriate to grant Plaintiff's application to proceed IFP.  Pursuant to the two-step process utilized in the Third Circuit, the Court may now proceed to screen Plaintiff's complaint "to determine whether it falls within one of the enumerated grounds for dismissal."  Levine, 2005 U.S. Dist. LEXIS 28148, at *3.

### B. Plaintiff's Complaint

The Court must dismiss, at the earliest practicable time, IFP actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Crouch v. Mulvihill, No. 07-0054, 2007 U.S. Dist. LEXIS 41063, at *3 (D.N.J. June 4, 2007).

---

[1] Plaintiff crosses off some spaces in the affidavit, and leaves other spaces blank.  The Court assumes that Plaintiff's crossed out and blank spaces are substitutes for a zero.

3

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is considered frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Furthermore, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  See Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

4

Where a pro se complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Urrutia v. Harrisburg Cnty. Police Dep't</u>, 91 F.3d 451, 453 (3d Cir. 1996); <u>Crouch</u>, 2007 U.S. Dist. LEXIS 41063, at *3-5.

Plaintiff seems to be requesting a writ of mandamus from this Court, compelling the Connecticut state court to act.  It is not clear from Plaintiff's complaint whether he won his state trial and is seeking to "open judgment" so as to receive compensation awarded at trial, or if Plaintiff lost and is seeking to re-litigate the matter.  In either case, the Court cannot grant Plaintiff's request.

If the Court assumes that Plaintiff won his state trial in Connecticut and is entitled to relief, a writ of mandamus would be improper.  "The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that [the] plaintiff has a clear right to have his application adjudicated; (2) that [the] defendants owe a nondiscretionary duty to rule on the application; and (3) that [the] plaintiff has no other adequate remedy."  <u>Alamo v. Holder</u>, No. 10-372, 2010 U.S. Dist. LEXIS 124748, at *5 (D.N.J. Nov. 23, 2010) (citing <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980); <u>Kerr v. United States District Court</u>, 426 U.S. 394, 403 (1976)).  The Complaint does not satisfy those conditions, because its ambiguities prevent the Court from determining what rights, if any, Plaintiff has that demand adjudication.  Furthermore, it appears to the Court that Plaintiff would not be able to satisfy those conditions through an amended complaint because it is likely that other adequate state remedies are available.

Moreover, if Plaintiff lost his state trial, it is likely that the Court would lack subject-matter jurisdiction to review the Complaint under the <u>Rooker-Feldman</u> doctrine.  The <u>Rooker-Feldman</u>

5

doctrine prohibits federal courts, other than the United States Supreme Court, from acting as appellate courts in review of state court decisions. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); see also Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923). "Under the Rooker-Feldman doctrine, a district court . . . lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). However, the doctrine is narrow. Id. It "applies only to cases brought by: (1) state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments." Id.; see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). If the Court assumes that Plaintiff lost his state trial, his complaint in this matter appears to be an attempt at relitigating the state proceedings. In that case, the Rooker-Feldman doctrine would bar this Court from reviewing Plaintiff's claim.

Based on the allegations in the Complaint, and despite the leniency this Court affords to pro se litigants, it is difficult to determine any arguable factual or legal bases for which Plaintiff would be entitled to relief. Therefore, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's application to proceed IFP is **GRANTED**, and Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). An appropriate Order shall follow.

Dated:  8/3/11                                                                             /s/ Robert B. Kugler
                                                                                                    ROBERT B. KUGLER
                                                                                                    United States District Judge